# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**KANYNE BUSH (# 89646)**                                                **PLAINTIFF**

**v.**           **No. 4:05CV183-M-D**

**CHRISTOPHER EPPS, ET AL.**                                     **DEFENDANTS**

## FINAL JUDGMENT ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

This matter comes before the court on the July 12, 2006, Report and Recommendation of the magistrate judge assigned to this case, as well as the objections of the parties to that Report and Recommendation. This case was consolidated with *Presley v. Epps*, 4:05cv148-M-D on March 16, 2006. Although the intent of the order was to consolidate the plaintiff's requests for injunctive relief with the *Presley* case, preserving his claims for damages in the instant case, the court's intent to bifurcate the case was not reflected in the consolidation order. The plaintiff then filed a motion for summary judgment in the instant case on May 8, 2006. When the defendants did not respond by June 9, 2006, the court issued an order requiring a response by June 30, 2006. Unfortunately, one of the attorneys for the defendants was out of the office on medical leave from June 1, 2006, to July 3, 2006. The Magistrate Judge assigned to this case issued a Report and Recommendation July 12, 2006, recommending that the plaintiff's motion for summary judgment be granted and that the plaintiff be awarded nominal damages of twenty-five dollars against each defendant, for a total of fifty dollars.

The defendants have objected to the Report and Recommendation, outlining three arguments against its adoption. First, the defendants argue the that they believed instant case terminated when the *Presley* case was closed because the two cases had been consolidated.

Although the court can understand the defendants' initial misapprehension regarding the posture of this case (given the silence in the consolidation order regarding bifurcation), the court put the defendants on *at least inquiry notice* that the case was ongoing by issuing the May 8, 2006, order requiring a response to the plaintiff's motion by June 30, 2006. The defendants did not respond to the motion, even when ordered to do so. In addition, the motion was filed May 8, 2006, several weeks before defense counsel departed on medical leave. Counsel has not explained why he did not respond to the motion at that juncture. Thus, the defendants' first argument fails.

The defendants argue next that defense counsel's extended medical leave (more than a month's worth) excuses their failure to respond. The court holds that an attorney cannot take leave for more than a month without making arrangements ahead of time for the handling of his cases in his absence. Indeed, counsel has not indicated that his absence from the office arose out of an emergency (such as a car accident) or sudden illness – either of which would tilt the balance in favor of excusable neglect. He merely states that he was out on medical leave from June 1, 2006, to July 3, 2006. In addition, two attorneys are listed as counsel of record in this case, both of whom receive all notices in the case. Both counsel are – in the eyes of the court – equally responsible for the handling of the case. Neither attorney responded to the motion for summary judgment. As such, the defendants' second argument is without merit.

Finally, the defendants argue that their failure to respond to the plaintiff's motion for summary judgment was due to excusable neglect. Although the defendants did not elaborate on this point, it appears to rely upon the first two arguments, which the court has rejected. The court also notes that the defendants did not attach a proposed response to the motion for summary judgment to the instant objection. For these reasons, the court finds that the defendants have had

notice and an opportunity be heard on this matter, but failed to respond – even after an order from the court.

It is therefore **ORDERED**:

1. That the Magistrate Judge's Report and Recommendation is hereby **APPROVED AND ADOPTED** as the opinion of the court;

2. That the plaintiff's motion for summary judgment is hereby **GRANTED;**

2. That judgment is hereby **ENTERED** for the plaintiff in the form of nominal damages: $25.00 against defendant Earnest Lee and $25.00 against Beverly Williams; and

3. That this case is **CLOSED.**

**SO ORDERED,** this the 21st day of December, 2006.

                                             **/s/ Michael P. Mills**
                                             **UNITED STATES DISTRICT JUDGE**